United States Bankruptcy Court
Eastern District of Pennsylvania

In re:  
Cheryl T. Allison  
    Debtor

Case No. 17-16304-jkf  
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0313-2    User: ChrissyW    Page 1 of 1    Date Rcvd: Apr 09, 2018  
                       Form ID: pdf900    Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Apr 11, 2018.  
db          +Cheryl T. Allison,   912 Whitby Avenue,   Yeadon, PA 19050-3511

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.                                                                                                     TOTAL: 0

            ***** BYPASSED RECIPIENTS *****  
NONE.                                                                                                      TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 11, 2018                                         Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on April 9, 2018 at the address(es) listed below:  
         FREDERICK L. REIGLE    ecfmail@fredreiglech13.com, ecf_frpa@trustee13.com  
         KEVIN G. MCDONALD    on behalf of Creditor    Wells Fargo Bank, N.A. as Trustee Et Al...  
          bkgroup@kmllawgroup.com  
         MATTEO SAMUEL WEINER    on behalf of Creditor    Wells Fargo Bank, N.A. as Trustee Et Al...  
          bkgroup@kmllawgroup.com  
         POLLY A. LANGDON    on behalf of Trustee FREDERICK L. REIGLE ecfmail@fredreiglech13.com,  
          ecf_frpa@trustee13.com  
         REBECCA ANN SOLARZ    on behalf of Creditor    Wells Fargo Bank, N.A. as Trustee Et Al...  
          bkgroup@kmllawgroup.com  
         United States Trustee    USTPRegion03.PH.ECF@usdoj.gov  
         ZACHARY PERLICK    on behalf of Debtor Cheryl T. Allison Perlick@verizon.net,  
          pireland1@verizon.net  
                                                                                                           TOTAL: 7

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Cheryl T. Allison<br>_Debtor(s)_ | CHAPTER 13 |
| Specialized Loan Servicing LLC, as servicer for Wells Fargo Bank, N.A. as Trustee for the MASTR Asset Backed Securities Trust 2007-NCW Mortgage Pass-Through Certificates Series 2007-NCW<br>_Movant_<br>vs. | NO. 17-16304 JKF |
| Cheryl T. Allison<br>_Debtor_ | 11 U.S.C. Section 362 |
| Frederick L. Reigle, Esq.<br>_Trustee_ | |

### STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by Movant on the Debtor's residence is **$7,040.88**, which breaks down as follows;

Post-Petition Payments:     October 2017 through March 2018 at $1,173.48 each
**Total Post-Petition Arrears     $7,040.88**

2. Debtor shall cure said arrearages in the following manner;

a). Beginning April 2018 and continuing through September 2018, until the arrearages are cured, Debtor shall pay the present regular monthly payment of **$1,173.48** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), plus an installment payment of **$1,173.48** towards the arrearages on or before the last day of each month at the address below;

**Specialized Loan Servicing LLC
PO Box 636007
Littleton, CO 80163**.

b). Maintenance of current monthly mortgage payments to Movant thereafter.

3. Should Debtor provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the court and the court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: _____    By: /s/ Kevin G. McDonald, Esquire
Kevin G. McDonald, Esquire
Attorney for Movant

Date: 3-26-18
Zachary Perlick, Esquire
Attorney for Debtor

Date: 4/2/18
Frederick L. Reigle, Esquire
Chapter 13 Trustee

Approved by the Court this __7th__ day of ____April____, 2018. However, the court retains discretion regarding entry of any further order.

Bankruptcy Judge
Jean K. Fitzsimon